## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

HONEYWELL INTERNATIONAL, INC.,

                    Plaintiff,                    Civil No. 0:12-cv-00299-SRN-JSM

vs.

NEST LABS, INC., BEST BUY CO., INC.,      **FIRST AMENDED COMPLAINT**
BEST BUY STORES, L.P., and                    **AND**
BESTBUY.COM, LLC                  **<u>DEMAND FOR JURY TRIAL</u>**

                    Defendants.

## <u>FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT</u>

Plaintiff Honeywell International, Inc. ("Honeywell"), for its Complaint against

Defendants Nest Labs, Inc. ("Nest Labs"), Best Buy Co., Inc. ("Best Buy Co."), Best Buy

Stores, L.P. ("Best Buy Stores"), and BestBuy.com, LLC ("BestBuy.com"), alleges as

follows:

1.      Honeywell is a global leader in thermostat technology and has developed

many key innovations present in thermostats today.  Honeywell has numerous patents

covering many of its thermostat inventions and has commercialized many of its

inventions.  Defendant Nest Labs is a company that has recently begun manufacturing,

promoting, and selling a thermostat that Nest Labs claims to have many innovative

features that Nest Labs developed.  To the contrary, many of the key features of the Nest

Labs thermostat are, in fact, Honeywell inventions.  Defendants Best Buy Co., and its

subsidiaries, Best Buy Stores, and BestBuy.com (collectively, the "Best Buy

Defendants"), promote, sell, and offer to sell the Nest Labs Learning Thermostat ("Nest

Thermostat").  Nest Labs and the Best Buy Defendants have infringed and are infringing

at least seven Honeywell patents through their respective manufacture, use, sale, offer for sale, and/or importation of the thermostat.  Accordingly, Honeywell brings this action for patent infringement to redress the misappropriation of Honeywell thermostat technology.

## PARTIES

2.      Honeywell is a corporation organized and existing under the laws of the state of Delaware, with its principal place of business in Morristown, New Jersey. Honeywell is well-known for its long history of contributions to the environmental comfort industry, including thermostats for use in homes and businesses.  The division of Honeywell that oversees the development and implementation of thermostats for homes and businesses in the United States is located in Golden Valley, Minnesota.

3.      Nest Labs, on information and belief, is a corporation organized and existing under the laws of the state of Delaware, with its principal place of business at 900 Hansen Way, Palo Alto, California 94303.  On information and belief, Nest Labs was founded by Tony Fadell and Matt Rogers, and is backed by significant investment from Kleiner Perkins Caufield & Byers, Google Ventures, Lightspeed Venture Partners, Intertrust, Shasta Ventures and Generation Investment Management.

4.      Best Buy Co., on information and belief, is a corporation organized and existing under the laws of the state of Minnesota, with its principal place of business at 7601 Penn Avenue S., Richfield, Minnesota 55423.

5.      Best Buy Stores, on information and belief, is a Virginia Limited Partnership with its principal place of business at 7601 Penn Avenue South, Richfield, MN 55423.

6.     BestBuy.com, on information and belief, is a Virginia corporation with its principal executive office located at 7601 Penn Avenue South, Richfield, MN 55423. According to the Virginia Secretary of State, BestBuy.com's principal office is located at 7075 Flying Cloud Drive, Eden Prairie, Minnesota, 55344.

7.     Best Buy Stores and BestBuy.com, on information and belief, are subsidiaries of Best Buy Co. and are under the common control and executive leadership of Best Buy Co.  In addition, on information and belief, the Best Buy Defendants share common corporate services located in Minnesota.  For example, "Customer Service, Web Site, Store and General/Corporate Inquiries" are directed toward Best Buy Corporate Customer Care, with the address of P.O. Box 9312, Minneapolis, MN 55440.

8.     While Best Buy Co. has, in prior litigation, represented that Best Buy Stores is the entity responsible for selling items in Best Buy's physical stores and BestBuy.com is the entity responsible for selling items on the bestbuy.com website, *see Ultra Products, Inc. v. Best Buy Co., Inc.,* CIV.A.09-1095MLC, 2009 WL 2843888 n.1 (D.N.J. Sept. 1, 2009), on information and belief, all three entities are associated with the website, its content, and sales of products.  When "About Best Buy" is selected on the website, the information provided is about Best Buy Co., Inc.  In addition, certain products sold through the bestbuy.com website are available for in-store pickup.  The website www.bestbuy.com also indicates that while the Nest Thermostat is sold out on-line, in-store pickup is "coming soon."  In addition, as of March 13, 2012, BestBuy.com also promotes the installation of the Nest Thermostat by the Geek Squad® service offered by Best Buy Stores.  Best Buy Co. reported in its 2011 Form 10-K submitted to the

United States Securities and Exchange Commission that "Unless the context otherwise requires, the use of the terms 'we,' 'us' and 'our' in this Annual Report on Form 10-K refers to Best Buy Co., Inc. and, as applicable, its consolidated subsidiaries.  We are a multinational retailer of consumer electronics, home office products, entertainment products, appliances and related services.  We operate retail stores and call centers and conduct online retail operations under a variety of brand names such as Best Buy (BestBuy.com), BestBuy.ca, BestBuy.co.uk)… ."  On information and belief, the Best Buy Defendants, perhaps in conjunction with other yet unidentified Best Buy entities, jointly promote, use, sell, offer to sell, and/or import the infringing Nest Thermostat.

## JURISDICTION AND VENUE

9.      The claims alleged herein arise under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq.*

10.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

11.     This Court has personal jurisdiction over Nest Labs.  Nest Labs transacts business in Minnesota, including but not limited to the sale of the accused product; Nest Labs has specifically directed its activities to Minnesota; and acts of infringement have occurred in and beyond Minnesota, causing injury to Honeywell in Minnesota.

12.     This Court has general and specific personal jurisdiction over the Best Buy Defendants.  The principal places of business for the Best Buy Defendants identified by their filings with the Secretary of State of Minnesota and Virginia are all located in Minnesota.  In addition, the Best Buy Defendants regularly transact business in

Minnesota, including but not limited to the sale of the accused product, and engage in acts of infringement, directed toward and occurring in and beyond Minnesota, causing injury to Honeywell in Minnesota.

13.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b), (c), and 1400(b).

## BACKGROUND TO THE ACTION

14.     A thermostat is a portion of a heating, ventilation, air conditioning ("HVAC") system that traditionally controls the temperature (and more recently, other variables) of a system.  Users can use thermostats to see, set, or change various parameters for their HVAC system.  One example of a well-known parameter is whether the HVAC system is set to "heat" or "cool."  Other examples of well-known parameters include "setpoint temperatures," which are target temperatures for the controlled environment.

15.     Honeywell has long been at the forefront of innovation in thermostat technology.  Honeywell commercialized the first adjustable thermostat that allowed people to sleep through the night without having to manually turn their furnaces on and off to maintain a comfortable temperature.  Honeywell's iconic "round" thermostat is featured in the Smithsonian.  Honeywell is a global leader in the development and sales of innovative thermostats for home use that have novel functional, design, user interface, and programming features.

16.     Honeywell has continued to innovate to bring progress and advancement to HVAC controls, including thermostats.  Through the past several decades, Honeywell has

obtained hundreds of patents on functional, user interface, and programming features of thermostats, including but not limited to the patents asserted in this Complaint.

17.     Honeywell has also commercialized many products that embody its patented innovations.  Examples of Honeywell's patented technology include Honeywell's Prestige® 2.0 Comfort Systems thermostats and Honeywell's RedLINK™ Wireless Comfort Systems.

## THE ASSERTED PATENTS

18.     Honeywell is the lawful owner of United States Patent No. 7,634,504 (the "'504 Patent"), which was duly and legally issued by the United States Patent and Trademark Office on December 15, 2009.  The '504 Patent is entitled "Natural Language Installer Setup for Controller."  The inventions of the '504 Patent generally pertain to, among other things, inventions directed at simplified methods that use natural language to decrease the time and complexity associated with programming of a thermostat.  A copy of the '504 Patent is attached hereto as Exhibit 1.

19.     Honeywell is the lawful owner of United States Patent No. 7,142,948 (the "'948 Patent"), which was duly and legally issued by the United States Patent and Trademark Office on November 28, 2006.  The '948 Patent is entitled "Controller Interface With Dynamic Schedule Display."  The inventions of the '948 Patent generally pertain to, among other things, simplified methods for operating a thermostat, including interfaces that reflect the time anticipated for the system to reach a particular setpoint or target temperature.  A copy of the '948 Patent is attached hereto as Exhibit 2.

20.     Honeywell is the lawful owner of United States Patent No. 6,975,958 (the "'958 Patent"), which was duly and legally issued by the United States Patent and Trademark Office on December 13, 2005.  The '958 Patent is entitled "Profile Based Method for Deriving a Temperature Setpoint Using a 'Delta' Based On Cross-Indexing a Received Price-Point Level Signal."  The inventions of the '958 Patent generally pertain to, among other things, methods for reducing energy costs, including but not limited to controlling a thermostat with information stored in a remote location.  A copy of the '958 Patent is attached hereto as Exhibit 3.

21.     Honeywell is the lawful owner of United States Patent No. 7,584,899 (the "'899 Patent"), which was duly and legally issued by the United States Patent and Trademark Office on September 8, 2009.  The '899 Patent is entitled "HVAC Controller."  The inventions of the '899 Patent generally pertain to, among other things, an HVAC controller that has a rotatable part that may be used to control one or more parameters of the HVAC system.  A copy of the '899 Patent is attached hereto as Exhibit 4.

22.     Honeywell is the lawful owner of United States Patent No. 7,159,789 (the "'789 Patent"), which was duly and legally issued by the United States Patent and Trademark Office on January 9, 2007.  The '789 Patent is entitled "Thermostat with Mechanical User Interface."  The inventions of the '789 Patent generally pertain to, among other things, apparatus for locating a non-rotating part or parts of a thermostat near or inside of a rotating part, while still allowing the rotating part to set and/or control

one or more parameters of the thermostat.  A copy of the '789 Patent is attached hereto as Exhibit 5.

23.     Honeywell is the lawful owner of United States Patent No. 7,159,790 (the "'790 Patent"), which was duly and legally issued by the United States Patent and Trademark Office on January 9, 2007.  The '790 Patent is entitled "Thermostat with Offset Drive."  The inventions of the '790 Patent generally pertain to, among other things, apparatus for locating a non-rotating part or parts of a thermostat near or inside of a rotating part, while still allowing the rotating part to set and/or control one or more parameters of the thermostat.  A copy of the '790 Patent is attached hereto as Exhibit 6.

24.     Honeywell is the lawful owner of United States Patent No. 7,476,988 (the "988 Patent"), which was duly and legally issued by the United States Patent and Trademark Office on January 13, 2009.  The '988 Patent is entitled "Power Stealing Control Devices."  "Power Stealing" is a term of art that generally refers to providing power for the operation of a device such as a thermostat by diverting or "skimming" a small amount of charge from the electrical current powering the load to be controlled. The inventions of the '988 Patent generally pertain to, among other things, a switch and a circuit that divert power from the user's home electrical system to provide power to a thermostat.  A copy of the '988 Patent is attached hereto as Exhibit 7.

25.     The '504 Patent, '948 Patent, '958 Patent, '899 Patent, '789 Patent, '790 Patent, and '988 Patent are hereinafter collectively referred to as the "Asserted Patents."

## ACTS GIVING RISE TO THE ACTION

26.     On information and belief, Nest Labs has been and is engaged in the use, manufacture, importation, offer for sale, and/or sale of the Nest Thermostat throughout the United States, including in this judicial district.  On or about October 28, 2011, Nest Labs began pre-selling the Nest Thermostat on-line through at least its own website, www.nest.com, and the Best Buy Defendants' website, www.bestbuy.com.  On information and belief, individuals and entities in Minnesota have purchased the Nest Thermostat, including but not limited to users in Rochester and Minneapolis, Minnesota who posted a review of the Nest Thermostat at www.bestbuy.com and Energy Smart, a program of Minnesota Waste Wise, a nonprofit affiliate of the Minnesota Chamber of Commerce.

27.     Promotional materials associated with the launch of the Nest Thermostat include the website, www.nest.com, videos, demonstrations, media interviews, articles, and other marketing collateral such as brochures.  These materials have been made available to individuals nationwide, including those located in this District, in print and on the Internet.

28.     In addition to selling the Nest Thermostat on-line, Best Buy Stores also features the Nest Thermostat in its Home Energy Departments nationwide.  On information and belief, Best Buy Stores' Home Energy Departments include displays dedicated to Nest Thermostats, providing a Nest Thermostat, written materials, and a pre-recorded demonstration video.

29.     In addition, the Best Buy Defendants also provide instructions to consumers about how to use the Nest Thermostat.  For example, the website www.bestbuy.com links to the nest.com website, which features videos and other instructions regarding the functionality and use of the Nest Thermostat.  In addition, the Best Buy Defendants offer to install the Nest Thermostat through the Geek Squad® service, available for purchase both on-line and in stores.

30.     On information and belief, prior to selling Nest Thermostats, Nest Labs tested Nest Thermostats for use in Minneapolis, Minnesota.  On information and belief, Nest Thermostats have been ordered by and delivered to individuals in this District. Individuals using the Nest Thermostat in Minnesota have posted comments and reviews to various Internet sites.

31.     In their respective marketing materials, Nest Labs and the Best Buy Defendants tout the ease with which the Nest Thermostat can be programmed and used.

32.     For instance, Nest Labs highlights its use of easily understood sentences to assist in the programming of the thermostat, thereby helping the user instruct the thermostat about a homeowner's preferences.

33.     Nest Labs and Best Buy promote various additional features of the Nest Thermostat.  One such feature is the "Time to Temperature" function.  Nest Labs and the Best Buy Defendants explain that the "Time to Temperature" feature "tells [the user] how long it will take to reach your target temperature."  The Nest Thermostat video posted on youtube.com, nest.com, and bestbuy.com, as well as printed marketing materials, reflects a user setting a new target, *i.e.* setpoint, temperature of the Nest Thermostat, and the

subsequent display of the estimated amount of time necessary for the system to reach the second setpoint temperature.

34.     Another feature of the Nest Thermostat promoted by Nest Labs and the Best Buy Defendants is its purported ability to be connected to the Internet, store private data related to a particular user at a location remote from the Nest Thermostat itself, and control a Nest Thermostat remotely through a Wi-Fi connection.

35.     Other features promoted by Nest Labs and the Best Buy Defendants are directed to the mechanical user interface of the Nest Thermostat.  The "Nest Ring" is a rotatable selector that allows users to change the parameters of the HVAC system, such as setpoint or "target" temperatures by rotating the Nest Ring, with a backlit LCD display.

36.     In addition, the Nest Thermostat demonstrates that it utilizes "power stealing" technology, *i.e.*, it diverts power from the HVAC system to power itself to minimize the required electrical lines between the thermostat and the HVAC system.  In comparing the Nest Thermostat with other smart thermostats, Nest Labs founder Mr. Fadell asserted that "our competitors can't make low-power devices."  In the article entitled, *A red LED is flashing below Nest's display*, featured on the www.nest.com website, Nest Labs explains, "Under normal conditions, Nest charges its battery from the low voltage wires on your heating and cooling system."

37.     Individuals associated with Nest Labs, including Mr. Fadell and Mr. Rogers, have repeatedly made other claims about the purported innovative design and functionality of the Nest Thermostat, as compared to other programmable

thermostats.  For example, Mr. Fadell is quoted as saying that "thermostats are made by big companies that don't have any incentive to innovate" and that "there's been no real innovation in decades."  Mr. Rogers is quoted as saying, "Honeywell is not doing enough; we could do much better."

38.     Contrary to its claims, however, Nest Labs does not appear to have originated either the design or the functionality of the Nest Thermostat.   For example, the Nest Thermostat looks strikingly similar to the temperature controller of the Kohler Mira Platinum Wireless Shower product, subject to the European Union Community Design Registration No. 001065023-0003:



39.     More importantly, key functional features at the core of the Nest Thermostat are not the result of innovation by Nest Labs, but are the result of years of research and development that culminated in valid and enforceable patents owned by Honeywell.  Based on its independent research based, in part, on surveys of homeowners, Frost & Sullivan named Honeywell as the "Overall Best Brand of Programmable Thermostats" in the United States on September 14, 2011.  *See*

*http://www.fueloilnews.com/ME2/dirmod.asp?sid=C44BAE70771342548DF3F8B2F228*

83E6&nm=News&type=news&mod=News&mid=9A02E3B96F2A415ABC72CB5F516B

4C10&tier=3&nid=04FB726DD38947D9ADA84633A52F5C20.

40.     For example, the Nest Thermostat's use of questions to assist in

programming the thermostat infringes Honeywell's intellectual property rights protected

by at least the '504 Patent:



41.     The fact that Honeywell offered a thermostat with a patented question

system was well-known in the industry.  A third party reporting on the release of the Nest

Thermostat noted that, "Honeywell itself offers thermostats like the Prestige® 2.0, which

uses a question system to program itself based on [a user's] habits and temperature

preferences."  *See* http://www.tested.com/news/how-the-nest-actually-differs-from-other-

smart-thermostats/3067/.  Frost & Sullivan observed that "[Honeywell's] Prestige™

programmable thermostat incorporates a patented, interview-based interface that walks a

homeowner through the set-up process by asking a series of questions, such as 'what time

does the first person wake-up in the morning?' or 'what time do you go to sleep at night?'

The answers help the thermostat program itself – no owner's manual is needed.  The

graphic user interface displays directions for each display screen and can be customized

to display in English, French or Spanish."  *See*

*http://www.fueloilnews.com/ME2/dirmod.asp?sid=C44BAE70771342548DF3F8B2F228*

*83E6&nm=News&type=news&mod=News&mid=9A02E3B96F2A415ABC72CB5F516B*

*4C10&tier=3&nid=04FB726DD38947D9ADA84633A52F5C20*.

        42.     On information and belief, users of the Nest Thermostat have used the

natural language questions to program their thermostat settings including as reported in

reviews on www.bestbuy.com ("Once it asks you a few questions … you're ready to

go.")

        43.     Similarly, the use of the Nest Thermostat's "Time to Temperature" feature

infringes Honeywell's intellectual property rights protected by at least the '948 Patent.

        44.     On information and belief, users of the Nest Thermostat have used the

Time to Temperature feature, including as reflected by Nest on their website at

http://www.nest.com/2012/02/14/be-our-thermostats-valentine/ ("just turned the temp up

& @nest told me it'd take 25 min").

45.     Controlling a thermostat remotely through the Internet is also not a Nest Labs' innovation.  Rather, Nest Labs infringes Honeywell's intellectual property rights protected by at least the '958 Patent with the Nest Thermostat used in conjunction with a Nest Account:





46.     On information and belief, Nest Thermostat users are utilizing the remote control features offered and facilitated by Nest Labs, including within this jurisdiction, as reported in consumer reviews posted on the Internet, including but not limited to those reflected on www.bestbuy.com ("[Minneapolis, MN] it has an iPhone app so I used that to change the temperature") and social media comments reflected on http://www.nest.com/2012/02/14/be-our-thermostats-valentine/ ("Out for dinner, just opened Nest app to turn off heat").

47.     The Nest Thermostat, featuring the Nest Ring, also infringes Honeywell's intellectual property rights protected by at least the '899, '789, and '790 Patents.

48.     Similarly, use of a power diversion circuit or "power stealing" is not a Nest Labs' innovation.  The Nest Thermostat infringes Honeywell's intellectual property rights protected by at least the '988 Patent.

49.     Nest Labs is well aware of Honeywell's contributions to the thermostat industry and Honeywell's protection of its patented inventions.  On information and belief, Nest Labs engaged in research regarding thermostats, including but not limited to research of Honeywell and its thermostats.

50.     Media coverage of the Nest Thermostat includes pictures taken at Nest

Labs that show that Nest Labs examined numerous Honeywell thermostats.  *See*

http://allthingsd.com/20111129/from-ipods-to-thermostats-nest-ceo-and-founder-tony-

fadell-speaks-video/img_0513/.  Indeed, each of the thermostats circled in red appears to

be a different Honeywell thermostat model – ranging from Honeywell's digital round

thermostats, model numbers T8775C 1005 and T8775A 1009, to Honeywell's Prestige®

thermostats that embody and are marked with the '504 Patent.



51.     The Nest Thermostat also includes a notice that it is subject to "Patents Pending."  On information and belief, Nest Labs was required to perform at least preliminary research regarding other potentially relevant patents of Honeywell in order to file its own application(s).

52.     Therefore, Nest Labs knew, or should have known, contrary to its marketing campaign, that Honeywell – not Nest Labs – is responsible for many of the ideas that Nest Labs touts as revolutionary, and that many features of the Nest Thermostat infringe Honeywell patents:



Infringes at least Honeywell '504 Patent



Infringes at least
Honeywell '958 Patent



Infringes at least
Honeywell '899, '789,
and '790 Patents.

Infringes at least
Honeywell '948 Patent.



Infringes at least Honeywell '988 Patent.

53.     Nest Labs is a well-funded, sophisticated company that was aware of Honeywell's thermostat technology prior to its introduction of the Nest Thermostat.  On information and belief, Nest Labs was either actually aware of the Asserted Patents or was willfully blind in order not to become aware of the Asserted Patents.  Nest Labs has infringed and is infringing the Asserted Patents, making Nest Labs liable for direct and/or indirect infringement under 35 U.S.C. § 271.

54.     In addition, at least as early as February 6, 2012, Nest Labs had knowledge of the Asserted Patents and its allegedly infringing conduct.

55.     The Best Buy Defendants also offer to sell, and sell Honeywell programmable thermostats.  At least as early as the filing of this Complaint, the Best Buy Defendants had knowledge of the Asserted Patents and their allegedly infringing conduct.

## COUNT I: INFRINGEMENT OF THE '504 PATENT
### (NEST LABS)

56.     Honeywell realleges and incorporates by reference paragraphs 1 through 55 as if fully stated herein.

57.     Nest Labs, on information and belief, has infringed and continues to infringe the '504 Patent by performing the steps of at least one claim of the '504 Patent, in violation of 35 U.S.C. § 271(a), by using the Nest Thermostat within the United States.

58.     Nest Labs, on information and belief, has infringed and continues to infringe the '504 Patent in violation of 35 U.S.C. § 271(b) and/or (c) by actively inducing others to infringe and/or contributing to the infringement by others to perform the steps of at least one of the claims of the '504 Patent by using the Nest Thermostat within the United States.

59.     Honeywell has suffered and will suffer monetary damages as a result of Nest Labs' infringement of the '504 Patent in an amount to be determined at trial.

60.     Honeywell has suffered irreparable harm as a result of Nest Labs' infringement of the '504 Patent and will continue to suffer irreparable harm unless Nest Labs is enjoined from infringing the '504 Patent.

## COUNT II: INFRINGEMENT OF THE '948 PATENT
### (NEST LABS)

61.     Honeywell realleges and incorporates by reference paragraphs 1 through 60 as if fully stated herein.

62.     Nest Labs, on information and belief, is infringing the '948 Patent in violation of 35 U.S.C. § 271(a) by making, using, offering to sell, and/or selling the Nest Thermostat, within the United States, and/or importing the Nest Thermostat into the United States.

63.     Nest Labs, on information and belief, has infringed and continues to infringe the '948 Patent in violation of 35 U.S.C. § 271(b) and/or (c) by actively inducing

-21-

others to infringe and/or contributing to the infringement by others in the using, offering to sell, and/or selling the Nest Thermostat, within the United States.

64.     Honeywell has suffered and will suffer monetary damages as a result of Nest Labs' infringement of the '948 Patent in an amount to be determined at trial.

65.     Honeywell has suffered irreparable harm as a result of Nest Labs' infringement of the '948 Patent and will continue to suffer irreparable harm unless Nest Labs is enjoined from infringing the '948 Patent.

## COUNT III: INFRINGEMENT OF THE '958 PATENT
### (NEST LABS)

66.     Honeywell realleges and incorporates by reference paragraphs 1 through 65 as if fully stated herein.

67.     Nest Labs, on information and belief, has infringed and continues to infringe the '958 Patent in violation of 35 U.S.C. § 271(a) by making, using, offering to sell, and/or selling the Nest Thermostat, within the United States, and/or importing the Nest Thermostat into the United States, which is used in conjunction with the Nest Account service provided and facilitated by Nest Labs.

68.     Honeywell has suffered and will suffer monetary damages as a result of Nest Labs' infringement of the '958 Patent in an amount to be determined at trial.

69.     Honeywell has suffered irreparable harm as a result of Nest Labs' infringement of the '958 Patent and will continue to suffer irreparable harm unless Nest Labs is enjoined from infringing the '958 Patent.

## COUNT IV: INFRINGEMENT OF THE '899 PATENT
### (NEST LABS)

70.     Honeywell realleges and incorporates by reference paragraphs 1 through 69 as if fully stated herein.

71.     Nest Labs, on information and belief, has infringed and continues to infringe the '899 Patent in violation of 35 U.S.C. § 271(a) by making, using, offering to sell, and/or selling the Nest Thermostat, within the United States, and/or importing the Nest Thermostat into the United States.

72.     Nest Labs, on information and belief, has infringed and continues to infringe the '899 Patent in violation of 35 U.S.C. § 271(b) and/or (c) by actively inducing others to infringe and/or contributing to the infringement by others in the using, offering to sell, and/or selling of the Nest Thermostat, within the United States.

73.     Honeywell has suffered and will suffer monetary damages as a result of Nest Labs' infringement of the '899 Patent in an amount to be determined at trial.

74.     Honeywell has suffered irreparable harm as a result of Nest Labs' infringement of the '899 Patent and will continue to suffer irreparable harm unless Nest Labs is enjoined from infringing the '899 Patent.

## COUNT V: INFRINGEMENT OF THE '789 PATENT
### (NEST LABS)

75.     Honeywell realleges and incorporates by reference paragraphs 1 through 74 as if fully stated herein.

76.     Nest Labs, on information and belief, has infringed and continues to infringe the '789 Patent in violation of 35 U.S.C. § 271(a) by making, using, offering to

sell, and/or selling the Nest Thermostat, within the United States, and/or importing the Nest Thermostat into the United States.

77.     Nest Labs, on information and belief, has infringed and continues to infringe the '789 Patent in violation of 35 U.S.C. § 271(b) and/or (c) by actively inducing others to infringe and/or contributing to the infringement by others in the using, offering to sell, and/or selling of the Nest Thermostat, within the United States.

78.     Honeywell has suffered and will suffer monetary damages as a result of Nest Labs' infringement of the '789 Patent in an amount to be determined at trial.

79.     Honeywell has suffered irreparable harm as a result of Nest Labs' infringement of the '789 Patent and will continue to suffer irreparable harm unless Nest Labs is enjoined from infringing the '789 Patent.

80.     Honeywell has complied with the provisions of 35 U.S.C. § 287(a).

## COUNT VI: INFRINGEMENT OF THE '790 PATENT
### (NEST LABS)

81.     Honeywell realleges and incorporates by reference paragraphs 1 through 80 as if fully stated herein.

82.     Nest Labs, on information and belief, has infringed and continues to infringe the '790 Patent in violation of 35 U.S.C. § 271(a) by making, using, offering to sell, and/or selling the Nest Thermostat, within the United States, and/or importing the Nest Thermostat into the United States.

83.     Nest Labs, on information and belief, has infringed and continues to infringe the '790 Patent in violation of 35 U.S.C. § 271(b) and/or (c) by actively inducing

others to infringe and/or contributing to the infringement by others in the using, offering

to sell, and/or selling of the Nest Thermostat, within the United States.

84.     Honeywell has suffered and will suffer monetary damages as a result of

Nest Labs' infringement of the '790 Patent in an amount to be determined at trial.

85.     Honeywell has suffered irreparable harm as a result of Nest Labs'

infringement of the '790 Patent and will continue to suffer irreparable harm unless Nest

Labs is enjoined from infringing the '790 Patent.

86.     Honeywell has complied with the provisions of 35 U.S.C. § 287(a).

## COUNT VII: INFRINGEMENT OF THE '988 PATENT
### (NEST LABS)

87.     Honeywell realleges and incorporates by reference paragraphs 1 through 86

as if fully stated herein.

88.     Nest Labs, on information and belief, has infringed and continues to

infringe the '988 Patent in violation of 35 U.S.C. § 271(a) by making, using, offering to

sell, and/or selling the Nest Thermostat, within the United States, and/or importing the

Nest Thermostat into the United States.

89.     Nest Labs, on information and belief, has infringed and continues to

infringe the '988 Patent in violation of 35 U.S.C. § 271(b) and/or (c) by actively inducing

and/or contributing to the infringement by others in the using, offering to sell, and/or

selling of the Nest Thermostat, within the United States.

90.     Honeywell has suffered and will suffer monetary damages as a result of

Nest Labs infringement of the '988 Patent in an amount to be determined at trial.

91.     Honeywell has suffered irreparable harm as a result of Nest Labs infringement of the '988 Patent and will continue to suffer irreparable harm unless Nest Labs is enjoined from infringing the '988 Patent.

92.     Honeywell has complied with the provisions of 35 U.S.C. § 287(a).

## COUNT VIII: INFRINGEMENT OF THE '504 PATENT
### (BEST BUY DEFENDANTS)

93.     Honeywell realleges and incorporates by reference paragraphs 1 through 92 as if fully stated herein.

94.     The Best Buy Defendants, on information and belief, have infringed and continue to infringe the '504 Patent by performing the steps of at least one claim of the '504 Patent, in violation of 35 U.S.C. § 271(a), by using the Nest Thermostat within the United States.

95.     The Best Buy Defendants, on information and belief, have infringed and continue to infringe the '504 Patent in violation of 35 U.S.C. § 271(b) and/or (c) by actively inducing others to infringe and/or contributing to the infringement by others to perform the steps of at least one of the claims of the '504 Patent by using the Nest Thermostat within the United States.

96.     Honeywell has suffered and will suffer monetary damages as a result of the Best Buy Defendants' infringement of the '504 Patent in an amount to be determined at trial.

97.     Honeywell has suffered irreparable harm as a result of the Best Buy Defendants' infringement of the '504 Patent and will continue to suffer irreparable harm unless the Best Buy Defendants are enjoined from infringing the '504 Patent.

## COUNT IX:  INFRINGEMENT OF THE '948 PATENT
### (BEST BUY DEFENDANTS)

98.     Honeywell realleges and incorporates by reference paragraphs 1 through 97 as if fully stated herein.

99.     The Best Buy Defendants, on information and belief, have infringed and continue to infringe the '948 Patent in violation of 35 U.S.C. § 271(a) by using, offering to sell, and/or selling the Nest Thermostat, within the United States.

100.     The Best Buy Defendants, on information and belief, have infringed and continue to infringe the '948 Patent in violation of 35 U.S.C. § 271(b) and/or (c) by actively inducing others to infringe and/or contributing to the infringement by others to perform the steps of at least one of the claims of the '948 Patent by using the Nest Thermostat within the United States..

101.     Honeywell has suffered and will suffer monetary damages as a result of the Best Buy Defendants' infringement of the '948 Patent in an amount to be determined at trial.

102.     Honeywell has suffered irreparable harm as a result of the Defendants' infringement of the '948 Patent and will continue to suffer irreparable harm unless the Defendants are enjoined from infringing the '948 Patent.

## COUNT X: INFRINGEMENT OF THE '899 PATENT
### (BEST BUY DEFENDANTS)

103.     Honeywell realleges and incorporates by reference paragraphs 1 through 102 as if fully stated herein.

104.    The Best Buy Defendants, on information and belief, have infringed and continue to infringe the '899 patent in violation of 35 U.S.C. § 271(a) by using, offering to sell, and/or selling the Nest Thermostat, within the United States.

105.    The Best Buy Defendants, on information and belief, have infringed and continue to infringe the '899 Patent in violation of 35 U.S.C. § 271(b) and/or (c) by actively inducing others to infringe and/or contributing to the infringement by others in the use of the Nest Thermostat, within the United States.

106.    Honeywell has suffered and will suffer monetary damages as a result of the Best Buy Defendants' infringement of the '899 Patent in an amount to be determined at trial.

107.    Honeywell has suffered irreparable harm as a result of the Best Buy Defendants' infringement of the '899 Patent and will continue to suffer irreparable harm unless the Best Buy Defendants are enjoined from infringing the '899 Patent.

## COUNT XI: INFRINGEMENT OF THE '789 PATENT
### (BEST BUY DEFENDANTS)

108.    Honeywell realleges and incorporates by reference paragraphs 1 through 107 as if fully stated herein.

109.    The Best Buy Defendants, on information and belief, have infringed and continue to infringe the '789 Patent in violation of 35 U.S.C. § 271(a) by using, offering to sell, and/or selling the Nest Thermostat, within the United States.

110.    The Best Buy Defendants, on information and belief, have infringed and continue to infringe the '789 Patent in violation of 35 U.S.C. § 271(b) and/or (c) by

actively inducing others to infringe and/or contributing to the infringement by others in the use of the Nest Thermostat, within the United States.

111.    Honeywell has suffered and will suffer monetary damages as a result of the Best Buy Defendants' infringement of the '789 Patent in an amount to be determined at trial.

112.    Honeywell has suffered irreparable harm as a result of the Best Buy Defendants' infringement of the '789 Patent and will continue to suffer irreparable harm unless the Best Buy Defendants are enjoined from infringing the '789 Patent.

113.    Honeywell has complied with the provisions of 35 U.S.C. § 287(a).

## COUNT XII: INFRINGEMENT OF THE '790 PATENT
### (BEST BUY DEFENDANTS)

114.    Honeywell realleges and incorporates by reference paragraphs 1 through 113 as if fully stated herein.

115.    The Best Buy Defendants, on information and belief, have infringed and continue to infringe the '790 Patent in violation of 35 U.S.C. § 271(a) by using, offering to sell, and/or selling the Nest Thermostat, within the United States.

116.    The Best Buy Defendants, on information and belief, have infringed and continue to infringe the '790 Patent in violation of 35 U.S.C. § 271(b) and/or (c) by actively inducing others to infringe and/or contributing to the infringement by others in the use of the Nest Thermostat, within the United States.

117.    Honeywell has suffered and will suffer monetary damages as a result of the Best Buy Defendants infringement of the '790 Patent in an amount to be determined at trial.

118.     Honeywell has suffered irreparable harm as a result of the Best Buy Defendants' infringement of the '790 Patent and will continue to suffer irreparable harm unless the Best Buy Defendants are enjoined from infringing the '790 Patent.

119.     Honeywell has complied with the provisions of 35 U.S.C. § 287(a).

## COUNT XIII: INFRINGEMENT OF THE '988 PATENT
### (BEST BUY DEFENDANTS)

120.     Honeywell realleges and incorporates by reference paragraphs 1 through 119 as if fully stated herein.

121.     The Best Buy Defendants, on information and belief, have infringed and continue to infringe the '988 Patent in violation of 35 U.S.C. § 271(a) by using, offering to sell, and/or selling the Nest Thermostat, within the United States.

122.     The Best Buy Defendants, on information and belief, have infringed and continue to infringe the '988 Patent in violation of 35 U.S.C. § 271(b) and/or (c) by actively inducing others to infringe and/or contributing to the infringement by others in the use of the Nest Thermostat, within the United States.

123.     Honeywell has suffered and will suffer monetary damages as a result of the Best Buy Defendants' infringement of the '988 Patent in an amount to be determined at trial.

124.     Honeywell has suffered irreparable harm as a result of the Best Buy Defendants' infringement of the '988 Patent and will continue to suffer irreparable harm unless the Best Buy Defendants are enjoined from infringing the '988 Patent.

125.     Honeywell has complied with the provisions of 35 U.S.C. § 287(a).

## **PRAYER FOR RELIEF**

WHEREFORE, Honeywell respectfully requests this Court:

A.      To enter judgment that Nest Labs, Inc. has infringed the Asserted Patents in violation of 35 U.S.C. § 271(a), (b), and/or (c);

B.      To enter orders enjoining Nest Labs, and its respective officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with any of the foregoing, who receive actual notice by personal service or otherwise of the orders, from infringing the Asserted Patents in violation of 35 U.S.C. § 271(a), (b), and/or (c);

C.      To award Honeywell its respective damages in amounts sufficient to compensate it for Nest Labs' infringement of the Asserted Patents, together with pre-judgment and post-judgment interest and costs, pursuant to 35 U.S.C. § 284;

D.      To enter judgment that Best Buy Co., Inc.; Best Buy Stores, L.P.; and BestBuy.com LLC have infringed (collectively and individually) the '504, '948, '899, '789, '790, and '988 Patents in violation of 35 U.S.C. § 271(a), (b), and/or (c);

E.      To enter orders enjoining Best Buy Co., Best Buy Stores, L.P., and BestBuy.com LLC and their respective officers, agents, servants, and employees, and attorneys, and all persons in active concert or participation with any of the foregoing, who receive actual notice by personal service or otherwise of the orders, from infringing the '504, '948, '899, '789, '790, and '988 Patents in violation of 35 U.S.C. § 271(a), (b), and/or (c);

F.     To award Honeywell its respective damages in amounts sufficient to compensate it for the Best Buy Defendants' infringement of the Asserted Patents, together with pre-judgment and post-judgment interest and costs, pursuant to 35 U.S.C. § 284;

G.     To declare this case to be "exceptional" under 35 U.S.C. § 285 and to award Honeywell its attorneys' fees, expenses, and costs incurred in this action; and

H.     To award Honeywell such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff Honeywell respectfully requests a trial by jury of any and all issues on which a trial by jury is available under applicable law.

Dated:   March 20, 2012

*s/ Ken Liebman*
_____

Kenneth A. Liebman (No. 236731)
Randall E. Kahnke (No. 202745)
Andrew F. Johnson (No.0389331)
**FAEGRE BAKER DANIELS LLP**
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, Minnesota 55402-3901
Telephone:  (612) 766-7000
Fax:  (612) 766-1600
Email:  ken.liebman@faegrebd.com
         randall.kahnke @ faegrebd.com
         andrew.johnson@faegrebd.com

Nina Y. Wang (*admitted pro hac vice*)
Joel D. Sayres (*admitted pro hac vice*)
**FAEGRE BAKER DANIELS LLP**
3200 Wells Fargo Center
1700 Lincoln Street
Denver, Colorado 80203
Telephone:  (303) 607-3500
Fax:  (303) 607-3600
Email:  nina.wang@faegrebd.com
         joel.sayres@faegrebd.com

**Attorneys for Plaintiff Honeywell**
**International, Inc.**